## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**UNITED STATES OF AMERICA**

**v.**                                      **No. 4:12CR00162 KGB**

**JOHN MICHAEL GLOVER**

## PRELIMINARY ORDER OF FORFEITURE
## Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1.      As the result of the guilty plea to Count One of the Information, and a stipulation

of the defendant John Michael Glover in which he agreed to the forfeiture the Government

sought pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Mr. Glover shall forfeit to the

United States:

      a.      All property used or intended to be used in any manner or part to commit

            the commission of offenses involving 18 U.S.C. § 922(g)(1).

2.      The Court has determined, based on the evidence already in the record that the

following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §

2461(c), and that the government has established the requisite nexus between such property and

such offenses:

        **1.**      **Forty-one (41) Winchester Western, 12 gauge rounds of ammunition,**

        **2.**      **Four (4) Winchester Western, .338 caliber rounds of ammunition,**

        **3.**      **Seventeen (17) assorted brand, 12 gauge rounds of ammunition,**

        **4.**      **Thirty-seven (37) Remington, .22 caliber rounds of ammunition,**

        **5.**      **Eight hundred eighty-nine (889) assorted brand, .22 caliber rounds of**
           **ammunition,**

6.    Twenty-six (26) Hornaday, assorted caliber rounds of ammunition,

7.    Ten (10) assorted brand, 20 gauge rounds of ammunition,

8.    Twenty (20) Superior Ammunition, .280 caliber rounds of ammunition,

9.    Twenty (20) Superior Ammunition, .22/.250 caliber rounds of ammunition,

10.   Twenty (20) Barnes, .338 caliber rounds of ammunition,

11.   One Blaser, Model R8, .300 caliber rifle, bearing serial number RR004031,

12.   Fifty (50) Weatherby, .300 caliber rounds of ammunition,

13.   Six (6) Hornaday, 9mm rounds of ammunition,

14.   Thirty (30) Remington, 9mm rounds of ammunition,

15.   One hundred (100) Winchester, 9mm rounds of ammunition,

16.   Twenty (20) CCI, .22 caliber rounds of ammunition,

17.   Thirty-two (32) assorted brand, .45 caliber and 9mm rounds of ammunition,

18.   Forty-one (41) assorted brand, 9mm rounds of ammunition,

19.   Fifty (50) Winchester, .30 caliber rounds of ammunition,

20.   One Kimber, Pro Aegis II, 9mm pistol, bearing serial number KRF9572,

21.   One hundred fifty-nine (159) rounds assorted brand, assorted calibers of ammunition,

22.   Forty (40) Hornaday, .338 caliber rounds of ammunition,

23.   One Remington, Model 700, .308 caliber rifle, bearing serial number G6964483,

24.    **One Auto-Ordnance, Model M1, .30 caliber rifle, bearing serial number MB4674,**

25.    **One Marlin, Model Golden 39A, .22 caliber rifle, bearing serial number 95301958,**

26.    **Fifteen (15) assorted brand, .30 caliber rounds of ammunition,**

27.    **One Remington, Model 870, 12 gauge shotgun, bearing serial number RS45272C,**

28.    **One Benelli, Model Montefeltro, 20 gauge shotgun, bearing serial number MS20-2856,**

29.    **One Remington, Model 870 Super Mag, 12 gauge shotgun, bearing serial number AB568976A,**

30.    **One Remington, Model 870 Super Mag, 12 gauge shotgun, bearing serial number RS28242D,**

31.    **Eight (8) assorted brand, .45 caliber rounds of ammunition,**

32.    **One Remington, Model 700, .375 caliber rifle, bearing serial number C6518441,**

33.    **One Sako, Model M995, 7.82 caliber rifle, bearing serial number 997158.**

3.    Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.    Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.      The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.      Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.      Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4

10.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this ___11___ day of September, 2012.

_Kristine G. Baker_
UNITED STATES DISTRICT JUDGE